UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

ADAM C. ABRAMS,

Plaintiff,

-against-

NATIONAL PARK SERVICE, DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior, and ALEXCY ROMERO, in his official capacity as Superintendent of the Fire Island National Seashore,

Defendants.

**ORDER**
24-cv-1178 (JMA) (JMW)

FILED
CLERK
9/25/2026 12:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Adam C. Abrams ("Abrams") commenced this action by filing a complaint naming, as defendants, the National Park Service, Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior, and Alexcy Romero, in his official capacity as Superintendent of the Fire Island National Seashore (collectively, the "Federal Defendants").[1] During the pendency of this action and the briefing of a motion to amend, Abrams removed a related state court action and filed the notice of removal on the instant docket. The defendants in the state court action filed a motion to remand the state court action. As set forth below, the Court grants that remand, denies Abrams's motions to amend without prejudice and sets a briefing schedule for those motions.

## I. BACKGROUND

While Abrams is proceeding pro se, he is an attorney. (ECF No. 1 at 1.)

[1] Doug Burgum, the current Secretary of the United States Department of the Interior has since been automatically substituted for Haaland pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

The Complaint alleged a single cause of action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, challenging actions taken by the Federal Defendants in connection with Plaintiff's application for a year-round residential driver's permit on Fire Island.

On September 12, 2025—in response to various filings by the parties—the Court directed that:

> By September 26, 2025, Plaintiff shall file his motion to amend along with a copy of his amended complaint. Defendants shall file an opposition to the motion to amend by October 10, 2025. Plaintiff shall file his reply by October 17, 2025. Plaintiff contends that he is permitted to amend his complaint as of right. If the Court concludes that Plaintiff can amend his complaint as of right, then the Court will construe any futility arguments raised by Defendants as a motion to dismiss the amended complaint. The Court stays discovery and the briefing for any summary judgment motions until the Court directs otherwise.

(Sept. 12, 2025 Order.)

On September 26, 2025, Abrams filed a motion to amend and proposed amended complaint ("PAC") that sought to: (1) add, as additional defendants, the Seaview Association of Fire Island NY Inc. ("Seaview Association") and its president, Thomas Ruskin ("Ruskin") in both his individual capacity and his official capacity as the President of the Seaview Association (collectively, the "Original Seaview Defendants"); and (2) allege claims against the Seaview Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(b), (c), and (d), and civil rights claims under 42 U.S.C. §§ 1983 and 1985. (ECF No. 19.)

On October 1, 2025, the Federal Defendants asked for an extension of time to respond to the motion to amend because of the lapse in federal appropriations. (ECF No. 20.) On October 2, 2025, Magistrate Judge Lindsay stayed all deadlines "for 30 days, or until Congress has restored appropriations to the Department of Justice" and directed the Government to file a status letter within one week of appropriations being restored. (Oct. 2, 2025 Order).

On November 20, 2025, the Federal Defendants asked the Court to approve a revised

briefing schedule and to allow the Federal Defendants to file an oversized brief. Later that day, Abrams filed a letter opposing Defendants' request to extend the briefing schedule.

Before the Court acted on the parties' applications concerning a revised briefing schedule, Abrams filed, on December 17, 2025, a "Notice of Removal and Automatic Stay" (the "Notice of Removal"). (ECF No. 24.) The Notice of Removal purported to remove an action entitled Seaview Association Water Company et al v. Adam Abrams (Index # 603446/2025) that had been filed against Abrams in New York State Supreme Court, Suffolk County.

The Notice of Removal, which Abrams filed on the instant docket (24-cv-1178), asserts that this Court has original jurisdiction over this case because unspecified "claims arise under federal law" and supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims. (ECF No. 24.) The Notice of Removal also claims that it was "timely filed within 30 days of receipt of the initial pleading or other paper indicating that the case is removable, as required by 28 U.S.C. § 1446(b)." (Id.) The Notice of Removal did not include any filings from the state court action as required by 28 U.S.C. § 1446(a). The Court subsequently received, from other parties, copies of certain filings from the state court action.

In the state court action, the Seaview Association of Fire Island, N.Y., Inc. ("the Seaview Association") and the Seaview Water Company (collectively, "the Seaview Plaintiffs") sued Abrams and another defendant alleging libel, violations of N.Y. Judiciary Law § 487, prima facie tort, breach of contract, trespass, conversion, and assault. (ECF No. 29-1.) These are all state law claims concerning disputes between Abrams and the Seaview Water Company stemming from, inter alia, construction work and Abrams's alleged interference with that work. In response, Abrams filed, in state court on November 10, 2025, an answer that also included counterclaims and a third-party complaint against the Seaview Association, Ruskin, and various other defendants,

alleging various state law claims as well as a claim under the Americans with Disabilities Act. (ECF No. 29-2.)

On December 22, 2025, Plaintiff filed a letter seeking the Court's permission to file a revised Motion to Amend and a Second Proposed Amended Complaint (the "SPAC"). (ECF No. 25.) The entry on the docket sheet for this motion styles the motion as a motion to "consolidate cases." (ECF No. 25.) The SPAC seeks to add eight new individual defendants and one new corporate defendant (collectively, the "New Seaview Defendants"). (Id.) The SPAC alleges federal RICO and civil rights claims, an APA claim against the Federal Defendants, as well as state law claims.

On January 9, 2026, the Court received a certified copy of the state court record from the state court action, which did not include copies of any of the underlying documents except for a "Notice of Filing of Notice of Removal to Federal Court" that Abrams had filed in state court. (ECF No. 28.) On January 15, 2026, the federal Defendants filed a letter opposing the removal of the state court action. (ECF No. 26.) On January 15, 2026, the Seaview Plaintiffs filed a letter requesting that the Court remand the purportedly removed state court action and award the Seaview Defendants costs and fees under 28 U.S.C. § 1447(c) because Abrams lacked an objectively reasonable basis for seeking removal.

On February 3, 2026—more than 14 days after the Seaview Plaintiffs filed their motion to remand—Abrams filed an opposition, claiming that he somehow did not receive notice of the Seaview Plaintiffs' filing despite having received ECF notifications for other filings this action.

## II. DISCUSSION

### A. The State Court Action Must Be Remanded to State Court

Because Abrams's Notice of Removal is both procedurally and substantively deficient, the state court action must be remanded back to state court.

First, 28 U.S.C. § 1446(a) requires the notice of removal to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Abrams's Notice of Removal, however, did not include any documents from state court and, to date, the Court has not received, from Abrams or any other party, a copy of "all process, pleadings, and orders served upon" Abrams. (See ECF No. 28 (state court docket sheet).) "Where the defendant fails to follow the deadlines and other procedural requirements provided in Section 1446, courts in this Circuit have held that remand is generally the appropriate measure." Elliott v. Jaquez, 777 F. Supp. 3d 136, 147 (E.D.N.Y. 2025). This deficiency warrants remand. Id. (remanding case where defendants did not "did not attach all the prior court orders in the state litigation, rendering removal procedurally defective").

Second, the Notice of Removal is untimely under 28 U.S.C. § 1446(b)(1) because it was not filed within thirty days of Abrams's receipt of the complaint in the state court action in February 2025 and Abrams cannot invoke the exception to this requirement set out in 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) states that, "if the case stated by the initial pleading is not removable," the 30-day clock does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Abrams has not identified any applicable "pleading, motion, order, or other paper" from the state court action. Abrams's conclusory and vague claim that "removal is based on newly discovered evidence and subsequent pleadings that

establish federal claims" is patently insufficient. (ECF No. 27; see also ECF No. 32 at 2 ("The grounds for removal were not apparent at the time of the initial state court filing, as the full scope of the racketeering activity and civil rights violations only became clear through discovery and subsequent proceedings.").) Accordingly, remand is necessary as Abrams has failed to establish that the Notice of Removal was timely.

Third, the state court action was never removable because, contrary to Abrams's arguments, this Court does not have federal question jurisdiction over that action.

A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The question of whether a case "arises under" federal law for purposes of 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule. State by Tong, 83 F.4th at 132 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Under that rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and cannot be triggered "on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. (cleaned up). "In other words, the 'general rule' is that federal courts lack federal-question jurisdiction 'if the complaint does not affirmatively allege a federal claim.'" Id. (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003)). A "counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

There are "exactly three situations" in which a complaint that does not allege a federal claim may still arise under federal law for purposes of federal subject matter jurisdiction under

§ 1331. State by Tong, 83 F.4th at 133. These exceptions are: "(1) if Congress expressly provides, by statute, for removal of state-law claims; (2) if the state-law claims are completely preempted by federal law; and (3) in certain cases if the vindication of a state-law right necessarily turns on a question of federal law." Id. (cleaned up).

Abrams contends that the RICO and civil rights claims he seeks to add in the PAC and the SPAC somehow completely preempt the state law claims the Seaview Plaintiffs brought in the state court action and that "the alleged RICO violations and civil rights deprivations implicate core federal interests that warrant federal court adjudication." (ECF No. 32 at 2) Similarly, Abrams also contends that the two actions are closely related and that his "federal claims arise from the same operative facts as the state court action and involve substantial federal interests in combating racketeering activity and protecting civil rights." (Id. at 4.)

These arguments are frivolous. Neither of the out-of-circuit cases cited by Plaintiff—Bernhard v. Whitney Nat. Bank, 523 F.3d 546 (5th Cir. 2008), and Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996)—support these arguments. The Seaview Plaintiffs alleged only state law claims in state court and none of the exceptions to the well-pleaded complaint rule apply here.[2] "The presence of an allegedly related federal action" is not "a proper basis for removal of a state court action." Sovereign Bank, N.A. v. Lee, 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013).

**B. The Seaview Plaintiffs are Entitled to Costs and Expenses under § 1447(c)**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

[2] Even assuming arguendo that the new federal claims alleged in PAC and SPAC will ultimately be included in this federal action, that does not establish federal question jurisdiction over the state court action. The Court stresses that the instant order does not decide Abrams's motions to amend, which will only be addressed by the Court after they are fully briefed.

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Abrams lacked any objectively reasonable basis for seeking removal. Accordingly, the Court awards the Seaview Plaintiffs their costs and expenses incurred because of this improper removal. The Seaview Plaintiffs shall file an application detailing the costs and expenses they seek by October 9, 2026. Abrams may file an opposition by October 23, 2026.

### C. Abrams's Motions to Amend

Abrams has also filed two motions to amend. The briefing for his first motion to amend was interrupted by Plaintiff's filing of the frivolous notice of removal. The Court denies the motions to amend without prejudice and will reinstate those motions once they are fully briefed.[3]

Any opposition papers to the motions to amend shall be filed by October 26, 2026. The Federal Defendants are granted permission to file an oversized brief. Abrams shall file his reply papers by November 16, 2026.

## III. CONCLUSION

The Seaview Plaintiffs' remand motion, (ECF No. 29), is granted. Seaview Association Water Company et al v. Adam Abrams (Index # 603446/2025) is remanded back to New York State Supreme Court, Suffolk County. The motions to amend are denied without prejudice, (ECF

[3] The cover letter for Abrams's December 22, 2025 filing requested permission to file a "revised Motion to Amend and new Proposed Amended Complaint." Accordingly, the Court construes this submission as a pre-motion conference letter concerning a proposed "revised Motion to Amend." The Court denies this request for a pre-motion conference, waives the pre-motion conference requirement, and construes this filing as Abrams's second motion to amend the complaint. The Court's waiver of the pre-motion conference requirement does not preclude any party from raising any potential challenges to this motion.

The Court also notes that, in the docket entry for the December 22, 2025 filing, Abrams styled this submission as a "motion to consolidate cases," an apparent attempt to consolidate the removed state court action with the action originally filed in this Court. As the Court is remanding the state court action back to state court, the Court denies Abrams's "motion to consolidate cases."

Nos. 19 and 25), and the Federal Defendants' November 20, 2025 request concerning the briefing of the motion to amend is granted in part, (ECF No. 21).

The Clerk of Court shall mail a certified copy of this Order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of Court, Supreme Court of the State of New York, County of Suffolk.

**SO ORDERED.**

Dated: September 25, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE